PRESIDENT, DIRECTORS AND COMPANY OF THE ASHUELOT BANK *vs.* BENJAMIN N. PEARSON & another.

A court, whose jurisdiction is limited to "actions wherein the debt or damages demanded do not exceed" a certain sum, has no jurisdiction of a case where the *ad damnum* named in the writ exceeds that amount, although the actual amount in controversy is less.

A motion to dismiss an appeal, for want of jurisdiction in the court appealed from, may bo made at a term subsequent to the entry.

ACTION OF CONTRACT on a promissory note for $75, commenced in the police court of Haverhill, the civil jurisdiction of which is limited by *Sts.* 1852, *c.* 314, § 1, and 1854, *c.* 34, § 2, to " civil actions wherein the debt or damages demanded do not exceed the sum of one hundred dollars." The *ad damnum* in the writ was $150. The police court gave judgment for the defendants, and the plaintiffs appealed to the court of common pleas, and entered their appeal at September term 1857. At a subsequent term the defendants moved to dismiss the appeal, because the police court of Haverhill had no jurisdiction of the case. The court of common pleas dismissed the action, and the plaintiffs alleged exceptions.

*H. N. Merrill,* for the plaintiffs. 1. In an action to recover a specific sum of money, the *ad damnum* is merely nominal, and matter of form, and cannot oust the court of its jurisdiction. 1 Chit. Pl. (6th Amer. ed.) 440. Being matter of form, it was capable of amendment. Rev. Sts. *c.* 100, §§ 21–23. *St.* 1852, *c.* 312, § 28.

2. The motion to dismiss was made too late. Rule 15 of the court of common pleas. *St.* 1852, *c.* 312, § 22. 1 Chit. Pl. 475. *Cole* v. *Ackerman,* 7 Gray, 38.

*W. C. Endicott,* for the defendants.

DEWEY, J. It is well settled by the decisions of this court that, in cases where the jurisdiction of the court is regulated by the amount of damages demanded by the plaintiffs, the question as to the amount so claimed is to be decided solely by the *ad damnum* set forth in the writ. *Hapgood* v. *Doherty,* 8 Gray, 373. *Ladd* v. *Kimball,* 12 Gray, .

44 *

This action was originally instituted in the police court of Haverhill, and the damages demanded in the writ were one hundred and fifty dollars. The police court had jurisdiction only in cases where the damages alleged did not exceed one hundred dollars. The jurisdiction of the court of common pleas as an appellate court was wholly dependent upon the fact of jurisdiction of the police court, and it could only entertain the appeal when such jurisdiction existed.

The motion to dismiss for want of jurisdiction was seasonably made. A motion to dismiss an action for want of jurisdiction does not fall within the rules applicable to ordinary pleas in abatement. The provisions of *St.* 1852, *c.* 312, § 22, declaring that, " when the defendant has appeared and answered to the merits of the action, no defect in the writ or other process, by which he has been brought before the court, or in the service thereof, shall be deemed to affect the jurisdiction," are limited to defects in the writ of a different nature from the present, and do not apply to a case where the court had no jurisdiction of the case under the provisions of the statutes defining and limiting the jurisdiction of the several courts. *Judgment affirmed.*